Mr. Chief Justice Shaiikey
delivered the opinion of the court.
This was an action of assumpsit instituted in the circuit court of Warren county. The defendant pleaded non assumpsit and payment and issue was taken. The jury found that the defendant did promise, and assumed, and assessed, not giving any verdict on the plea of payment.
*131 The defendant below moved for a new trial, which was refused, and judgment entered on the verdict.
Strictly the jury should have found on both of the issues, and there may be many cases in which it would be essentially necessary for them to do so, but here it is manifestly a mistake in mere matter of form. The intention of the jury was evidently to give the plaintiff his damages, and verdicts should be construed liberally.
I find from the authorities that, when the finding on the general issues for the plaintiff necessarily shows that the defendant failed in .sustaining by proof the other issues, the omission is regarded as mere matter of form, and is not a ground for impeaching the verdict; 14 Johnson’s Reports, 84; 2 Barrow, 698. It is clear in this case that the defendant did not support his plea of payment, or the jury would not have assessed damages on the issue of non assumpsit. It is also a rule that the jury should find on all that is submitted to them, or the verdict will be defective, but I do not think there is any thing in the issue on the plea of payment, which is not substantially covered by the verdict. The indebtedness of Chewning at the time the suit was instituted was the only question submitted, and that the jury found that he was indebted, is also evident from the verdict.
The judgment must be affirmed.